## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jul 29 2019, 9:15 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kevin Wild
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lauren A. Jacobsen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Robert Worden, <br> *Appellant-Defendant*, <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff*. | July 29, 2019 <br><br> Court of Appeals Case No. 19A-CR-67 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Stanley E. Kroh, Magistrate <br><br> Trial Court Cause No. 49G03-1807-F5-24099 |

**Brown, Judge.**

[1] Robert Worden appeals his sentence for battery by means of a deadly weapon as a level 5 felony and driving while suspended as a class A misdemeanor. He raises one issue which is whether his sentence is inappropriate in light of the nature of the offenses and the character of the offender. We affirm.

### Facts and Procedural History

[2] On May 30, 2018, Brad Byers was traveling north on Mann Road near Indianapolis and applied his brakes "pretty hard" to avoid a collision with a Chevrolet Trailblazer driven by Worden which had pulled in front of him and started to travel south. Transcript Volume II at 29. Byers "threw up [his] arms, like what are you doing" and continued driving. *Id*. at 30. Worden made "a U-turn," "gain[ed] on [Byers] pretty rapidly," passed by and moved his vehicle in front of Byers's vehicle, and then slammed on his brakes, and Byers slammed on his brakes and came to a stop "probably two feet" from Worden's vehicle. *Id*. at 30-31. Worden exited the Trailblazer, yelled "[y]ou tried to F'ing hit me," cursed and clinched his fist, approached Byers, and swung at him, and Byers blocked the swing with his arm. *Id*. at 31.

[3] Worden yelled "[g]et out of the car" and swung at Byers again, and Byers blocked the swing, said "I'm gonna f--- you up," and opened his door which may have pushed Worden. *Id*. at 32. Worden "pulled open a box cutter" which had a razor blade of approximately one inch and "got it pretty much at [Byers's] chest." *Id*. Byers threw up his arms, backed away, and re-entered his vehicle. As Byers was rolling up his window, Worden lunged toward him with the box cutter, Byers pulled away, and the blade cut through his shirt on his

shoulder or upper arm and "probably went in a quarter inch, half inch," although he did not know at the time that he had been cut. *Id.* at 34. Byers rolled up his window, looked down to grab his pistol from his center console, and looked up to see Worden "hacking away" at his front tire with the box cutter. *Id.* Byers placed his vehicle in reverse, observed a car behind him, moved his vehicle back three feet and stopped, observed Worden returning to his vehicle, and grabbed his cell phone and "was trying to get [his] camera up." *Id.* According to Byers, he looked up "and he's standing over my hood – I believe it was a pipe wrench . . . [i]t was something long" and he thought "he's going to come through my windshield or my hood." *Id.* Byers saw that the car behind him had backed into the other lane to give him room, backed up his vehicle about ten feet, saw Worden returning to his vehicle, and took a picture of the Trailblazer as it drove away. The picture showed stickers on the Trailblazer's window.

[4] Later in June, Byers was in his vehicle with his family and recognized the Trailblazer, his wife took pictures, and they obtained the license plate information. Byers reported the license plate number to law enforcement who discovered the vehicle was registered to Worden's girlfriend, and Byers later identified Worden in a photo array. The State charged Worden, as amended, with: Count I, battery by means of a deadly weapon as a level 5 felony; and Count II, driving while suspended as a class A misdemeanor. The State also alleged he was an habitual offender. A jury found him guilty on Counts I and II, and Worden admitted to the habitual offender allegation. At sentencing, the

prosecutor asked for an executed sentence of ten years followed by two years suspended to probation. Worden's girlfriend testified that her household includes Worden's teenage son and daughter, she and Worden's one-year-old, her daughter, both of her parents, and her brother. She testified that she has been found by the State to be medically frail and cannot work, that Worden's son is autistic, and that her mother and Worden's son receive disability. Worden testified that he was the only adult in the household who was working and had held his job as a mover for ten years. The court stated it considered the mitigating factors raised by Worden's counsel including his remorse and the hardship his incarceration would impose on his family, that his criminal history showed a pattern of reoffending, that the probation violations did not speak well of his character, that "the facts of this case are alarming," and "[y]ou introduced the box cutter, the deadly weapon into this incident and you had the chance to retreat and you did, in fact, retreat and then you came back with a pipe or something else . . . ." *Id*. at 199-200. The court sentenced Worden to four years enhanced by four years due to the habitual offender finding on Count I and one year on Count II to be served concurrently.

### *Discussion*

[5] Worden claims his sentence is inappropriate in light of the nature of the offenses and his character. He argues his crime was not "exceptionally severe" and, while road rage incidents should not be taken lightly, "it was mostly bluster and an attempt by [him] to hit the victim . . . that stood little chance of doing any real damage because Byers had already partly rolled up his window

and was ready to defend against such an attempt." Appellant's Brief at 13. He argues that he did not reveal a box cutter until Byers exited his vehicle and threatened him, that Byers did not even know that he had been nicked on the shoulder until minutes later, and that, although he made poor choices, he was not alone in culpability for the incident as a whole. He argues a significant portion of his criminal history is driving related, and he turned a corner in his life following his 2006 conviction. The State responds that Worden stabbed Byers, had multiple opportunities to leave but chose to escalate, and has a lengthy criminal history which includes battery and resisting law enforcement.

[6]     Ind. Appellate Rule 7(B) provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, [we find] that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Under this rule, the burden is on the defendant to persuade the appellate court that his or her sentence is inappropriate. *See Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Ind. Code § 35-50-2-6 provides that a person who commits a level 5 felony shall be imprisoned for a fixed term of between one and six years, with the advisory sentence being three years. Ind. Code § 35-50-3-2 provides that a person who commits a class A misdemeanor shall be imprisoned for a fixed term of not more than one year. Ind. Code § 35-50-2-8 provides that the court shall sentence a person found to be an habitual offender to an additional fixed term that is between two and six years for a person convicted of a level 5 felony and that the additional term is nonsuspendible. Worden was sentenced to four years enhanced by four years

for being an habitual offender for his level 5 felony and a concurrent sentence of one year for his class A misdemeanor.

[7]    The record reveals that, following nearly colliding with Byers, Worden turned his vehicle around, sped up to Byers, maneuvered in front of him, and slammed on his brakes. Worden cursed, swung at Byers, and yelled for Byers to exit his vehicle. When Byers exited his vehicle, Worden revealed a box cutter, and after Byers re-entered his vehicle and attempted to close the window, Worden lunged at him with the box cutter, resulting in a quarter- or half-inch wound to Byers's shoulder. He attempted to cut Byers's front tire and then walked back to his own vehicle and retrieved an object which Byers believed was a pipe wrench. The nature of the offense does not warrant a reduction of Worden's sentence.

[8]    As for his character, the presentence investigation report ("PSI") indicates that Worden was born in 1974 and his juvenile history includes criminal mischief, theft as a class D felony if committed by an adult, criminal trespass, conversion, and resisting law enforcement. His adult criminal history includes battery as a class A misdemeanor and burglary as a class B felony in 1992; criminal mischief as a class A misdemeanor in 1993; battery as a class A misdemeanor in 1995; driving while suspended as a class A misdemeanor in 1997; resisting law enforcement as a class A misdemeanor and carrying a handgun without a license as a class C felony in 2000; driving while suspended as a class A misdemeanor in 2004; and battery as a class D felony and resisting law enforcement as a class A misdemeanor in 2005; resisting law enforcement as a

class A misdemeanor in 2009; and criminal trespass as a class A misdemeanor in 2011. He has been placed on and violated probation. Worden reported that, at the time of his arrest, he worked for a moving company where he had worked full time since 2013, earned $1,100 to $1,600 per month, and received $735 in social security income on behalf of his son. According to the PSI, Worden "denied taking any anger control or domestic violence classes. He stated he feels like he 'needs' to take anger control classes." Appellant's Appendix Volume II at 156.

[9] After due consideration, we conclude that Worden has not sustained his burden of establishing that his sentence is inappropriate in light of the nature of the offenses and his character.[1]

[10] For the foregoing reasons, we affirm Worden's sentence.

[11] Affirmed.

May, J., and Mathias, J., concur.

---

[1] To the extent Worden argues the trial court abused its discretion in sentencing him, we need not address this issue because we find that his sentence is not inappropriate. *See Chappell v. State*, 966 N.E.2d 124, 134 n.10 (Ind. Ct. App. 2012) (noting any error in failing to consider a mitigating factor is harmless if the sentence is not inappropriate) (citing *Mendoza v. State*, 869 N.E.2d 546, 556 (Ind. Ct. App. 2007) (noting that, "even if the trial court is found to have abused its discretion in the process it used to sentence the defendant, the error is harmless if the sentence imposed was not inappropriate"), *trans. denied*), *trans. denied*.